**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEFFREY J. BELMONT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1176** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND LOUISIANA AGRICULTURAL AND MECHANICAL COLLEGE** | **SECTION: "G"(4)** |

## ORDER AND REASONS

Before the Court is Defendant Board of Supervisors of Louisiana State University and Louisiana Agricultural and Mechanical College's ("Defendant") Motion to Dismiss.[1] In this litigation, Plaintiff Jeffrey J. Belmont ("Plaintiff") brings claims against Defendant to recover damages and enjoin Defendant for alleged employment discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Genetic Information Nondiscrimination Act of 2008 ("GINA"). The instant motion was set for submission on February 4, 2026. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date.[2] To date, no opposition has been filed and the motion is therefore deemed to be unopposed. This Court has the authority to grant an unopposed motion, although it is not required to do so.[3] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion in part and denies the motion in part. Plaintiff is granted leave of Court

[1] Rec. Doc. 12 at 1.

[2] EDLA Local Rule 7.5.

[3] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

to amend his Complaint to cure the deficiencies identified herein within 30 days of this Order. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

## I. Background

The present litigation arises from Plaintiff's employment as a resident physician in the Louisiana State University Health Sciences Center New Orleans' ("LSUHSC") LSU Family Medicine Residency – Kenner program ("the Program") from July 1, 2023 until August 6, 2024.[4] Plaintiff filed the instant Complaint in this Court on June 10, 2025, alleging employment discrimination under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*., violations of Title II of the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000ff, *et seq*., and employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*.[5]

In the Complaint, Plaintiff alleges employment discrimination occurring from February 21, 2024 to his resignation from the program on August 6, 2024, as well as alleged retaliatory action through November 25, 2024.[6] Prior to the alleged incidents, Plaintiff submits that (1) he "suffered from and was receiving treatment for" sleep apnea, ADHD, and hypertension secondary to hyperaldosteronism; (2) program faculty were aware of these diagnoses and treatments; and (3) Plaintiff did not seek accommodations as he believed he was able to perform the duties of his job

[4] Rec. Doc. 1 at 7.

[5] *Id.*

[6] *See id.*

without them.[7] Plaintiff was diagnosed with these conditions prior to his employment in the program.[8]

According to the Complaint, Plaintiff's supervisor, program director Dr. Ernest James III ("Dr. James"), conducted a "welfare check" at Plaintiff's home on February 21, 2024.[9] This welfare check was subsequent to Plaintiff taking three and a half personal sick days between February 12, 2024 and February 20, 2024, which were not properly reported or recorded through Defendant's program policy.[10] Plaintiff asserts that during this welfare check, he informed Dr. James that he was not in danger, and was using his sick time due to fatigue and migraines after working overnight shifts.[11] However, Plaintiff states Dr. James referred Plaintiff to LSU Campus Assistance Program ("CAP") for drug testing and fitness for duty ("FFD") evaluation the following day, based on concerns regarding Plaintiff's mental health due to "excessive abesenteeism" and lifestyle observations made during the welfare check.[12]

Plaintiff asserts that on February 22, 2024, he immediately completed the drug screening, which was negative, and reported to CAP to complete intake services with CAP social worker, Ms. Noelle Raymond ("Ms. Raymond"), which consisted of a comprehensive medical and psycho-social inventory, including family history questions.[13] According to the Complaint, Plaintiff was placed on leave without pay pending satisfactory completion of the FFD evaluation conducted by

[7] *Id.* at 7, 9.

[8] *Id.* at 7.

[9] *Id.* at 8.

[10] *Id.* at 7.

[11] *Id.* at 8.

[12] *Id.* at 9.

[13] *Id.* at 9–10.

a provider chosen by CAP.[14] Plaintiff alleges that he was cleared to return to work on April 19, 2024, and he actually returned to work on April 22, 2024.[15]

Plaintiff asserts that for the remainder of his employment with Defendants, he felt increased scrutiny and unease, and that he never received "follow up regarding his charge of discrimination or his request to begin the interactive process for accommodations.[16] However, Plaintiff asserts that he "completed the remainder of the academic year without further issue."[17] According to the Complaint, Plaintiff resigned from the program on August 6, 2024, and was told that he "left in good standing" and that Defendant "would be supportive of future endeavors."[18]

On January 15, 2026, Defendant filed the instant Motion to Dismiss.[19] The motion was set for submission on February 4, 2026. To date, Plaintiff has not responded to the motion.

## **II. Defendant's Arguments**

First, Defendant asserts that the Court lacks subject matter jurisdiction over any claims brought by Plaintiff under Title I of the ADA, GINA, and any state laws.[20] Defendant avers that it is subject to Eleventh Amendment protection, which grants "non-consenting state[s]" immunity from suits brought in federal court "seeking monetary damages or equitable relief."[21] Defendant asserts that it is subject to this Eleventh Amendment protection because it is the board of a higher

[14] *Id.* at 10.

[15] *Id.* at 14–15.

[16] *Id.* at 16.

[17] *Id.* at 16–17.

[18] *Id.* at 17.

[19] Rec. Doc. 12.

[20] Rec. Doc. 12-1 at 12.

[21] *Id.* at 9.

education institution, which is considered an "arm of the state[,]" and that the State of Louisiana has not waived its right to sovereign immunity.[22]

Next, Defendant asserts that Plaintiff has failed to state a claim under Title II of the ADA, Title VII of the Civil Rights Act, or GINA.[23] Defendant argues that "any claim Plaintiff is making under the ADA sounds in Title I (concerning employment), not Title II (concerning public services)[,]" as Plaintiff makes express references to employment discrimination and none to public service discrimination.[24] Additionally, Defendant avers that though Plaintiff "did check the box" for a Title VII complaint, he failed to allege any cause of action under said Title.[25] Defendant further argues that, notwithstanding its immunity from a claim brought under GINA, Plaintiff failed to state a valid claim under GINA because Defendant did not request nor make any employment decisions based on genetic information as defined in the act.[26]

Finally, Defendant asserts that Plaintiff "lacks standing to seek declaratory or injunctive relief" given his non-employed status with Defendant.[27] Defendant argues that Plaintiff is no longer employed by Defendant, and thus no longer exposed to its conduct.[28] For this reason, Defendant contends, Plaintiff fails to meet the "standing" requirements for there to be a "case or controversy" over which this Court would have Article III jurisdiction.[29]

---

[22] *Id.* at 9–11.

[23] *Id.* at 12–18.

[24] *Id.* at 12–13.

[25] *Id.* at 13.

[26] *Id.* at 12–18.

[27] *Id.* at 18.

[28] *Id.* at 19–20.

[29] *Id.*

## III. Legal Standard

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) provide that an action may be dismissed for "lack of subject matter jurisdiction" or "failure to state a claim upon which relief can be granted[,]" respectively.[30] When the Court is considering a Rule 12(b)(1) with other Rule 12 motions, the 12(b)(1) motion should be considered first, to prevent courts from dismissing claims with prejudice when they lack the jurisdiction to do so.[31] Federal courts are of limited jurisdiction, requiring statutory authority to adjudicate claims.[32] The burden of establishing subject matter jurisdiction is on the Plaintiff, but courts are empowered to consider disputed facts when examining a Rule 12(b)(1) motion.[33] Lack of subject matter jurisdiction can be found in the complaint alone, in supplementary undisputed facts, or in the Court's resolution of disputed facts.[34]

Under Rule 12(b)(6), dismissal is appropriate where the Plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[35] "Factual allegations must be enough to raise a right to relief above the speculative level."[36] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[37] On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as

---

[30] Fed. R. Civ. P. 12(b)(1), 12(b)(6).

[31] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[32] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012).

[33] *Ramming*, 281 F.3d at 161.

[34] *Id.*

[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[36] *Twombly*, 550 U.S. at 555.

[37] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

true.[38] However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[39] The complaint need not contail detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause action.[40] If the factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[41]

## IV. Analysis

Defendant moves the Court to dismiss Plaintiff's claims based on sovereign immunity, for lack of standing, and for failure to state a claim. Because sovereign immunity is a jurisdictional issue,[42] the Court begins by analyzing that issue.

### *A. Defendant's Entitlement to Sovereign Immunity*

Defendant argues that Plaintiff's claims under Titles I and V of the ADA, GINA, and any state law are barred by sovereign immunity.[43] "Federal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies."[44] The Eleventh Amendment provides that a non-consenting state, or arm of the state, is immune from suits seeking monetary damages or equitable relief brought in federal courts, by its own citizens or those of other

---

[38] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[39] *Iqbal*, 556 U.S. at 678.

[40] *Id.*

[41] *Carbe v. Lappin*, 492 F. 3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at *2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[42] *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 762 (5th Cir. 2023) (internal citations omitted).

[43] Rec. Doc. 12-1 at 9–11.

[44] *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002).

states.[45] The Fifth Circuit has held that "the [Board of Supervisors of Louisiana State University and Louisiana Agricultural and Mechanical College] is an arm of the state and is immune from suit" under such circumstances.[46]

"Under the Eleventh Amendment, federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."[47] While states may consent to suit in federal court,[48] generally, the State of Louisiana has not waived its sovereign immunity for suits brought in federal court.[49] Specifically, Louisiana Revised Statute § 13:5106(A) states that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

Regarding Plaintiff's claim under Title I of the ADA, the Supreme Court has held that claims made against the state under Title I of the ADA are "barred by the Eleventh Amendment."[50] Similarly, "'[c]ourts have also held that the reasoning in *Garrett* necessarily applies to retaliation

---

[45] *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).

[46] *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

[47] *Healthy Vision Ass'n v. Abbott*, 138 F.4th 385, 396 (5th Cir. 2025) (cleaned up). Under *Ex parte Young*, "a federal court may enjoin a state official in his official capacity from taking future actions in furtherance of a state law that offends federal law or the federal Constitution." *Id.* (citing *Ex parte Young*, 209 U.S. 123 (1908)), "For a suit against a state official to proceed under *Ex parte Young*, three criteria must be satisfied: (1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective." *Id.* (citations and quotation marks omitted). Here, Plaintiff has not named any state official in his official capacity. Therefore, Plaintiff cannot seek injunctive relief under *Ex parte Young*. *See also Raj*, 714 F.3d at 328 ("Although Raj has asserted claims for injunctive and declaratory relief, he cannot overcome sovereign immunity under *Ex parte Young* because he has named only LSU, LSU Health, and the LSU Board as defendants.").

[48] *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990).

[49] *Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997).

[50] *Bd. of Trs. of Univ. of Al. v. Garrett*, 531 U.S. 356, 360 (2001)

claims brought pursuant to Title V of the ADA that are predicated on Title I.'"[51] Congress also has not abrogated sovereign immunity and authorized suits against states under GINA.[52] Furthermore, to the extent Plaintiff is attempting to raise any state law claim against Defendant, such claim is also barred by sovereign immunity.[53] Thus, the claims brought under Title I and V of the ADA, GINA, and any state law are barred against the named Defendant under the Eleventh Amendment. However, dismissal of these claims is without prejudice.[54] To the extent Plaintiff asserts claims arising under state law, this Court's dismissal does not preclude Plaintiff from pursuing those claims in an appropriate state forum.

***B. Dismissal for Failure to State a Cliam***

The only claims remaining are Plaintiff's claims under Title II of the ADA and Title VII of the Civil Rights Act. Congress validly abrogated state sovereign immunity when it enacted Title II of the ADA and Title VII of the Civil Rights Act.[55] Defendant argues that these claims should be dismissed under Rule 12(b)(6).

Title II of the ADA provides that individuals with disabilities shall not "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

---

[51] *Grunblatt v. La. Dep't of Health*, No. 24-632, 2025 WL 42700, at *3 (E.D. La. Jan. 7, 2025) (quoting *Johnson-Blount v. Bd. of Supervisors for S. Univ.*, 994 F. Supp. 3d 780, 784 (M.D. La. 2014)).

[52] *See Allen v. New Jersey, Pub. Defender*, No. 16-8661, 2017 WL 3086371, at *7 (D.N.J. Jul. 20, 2017); *Leming v. Okla. Dep't of Veterans Affairs*, No. 18-348, 2018 WL 5929644, at *3–4 (W.D. Okla. Nov. 13, 2018).

[53] *Richardson*, 118 F.3d at 453.

[54] *See Anderson v. Jackson State Univ.,* 675 F. App'x 461, 464–65 (5th Cir. 2017).

[55] *United States v. Georgia*, 546 U.S. 151, 159 (2006) ("[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) ("Sovereign immunity does not bar Perez's Title VII claims, as we have long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII.").

by any such entity."[56] The Fifth Circuit has held that "[u]nlike Title I of the ADA, Title II does not create a cause of action for employment discrimination."[57] Here, the Complaint alleges discrimination solely in the context of Plaintiff's employment with Defendant. The Complaint does not allege that Plaintiff was denied access to, or discriminated against in connection with any service, program, or activity of a public entity. Because the allegations concern only employment discrimination, for which Title II provides no cause of action, Plaintiff fails to state a plausible claim for relief under Title II of the ADA.

In the Complaint, Plaintiff identifies Title VII of the Civil Rights Act as the basis for jurisdiction and selects "Retaliation" as the alleged discriminatory conduct.[58] To successfully establish a prima facie case of retaliation under Title VII, a plaintiff must demonstrate the following: "(1) [h]e engaged in protected activity; (2) an adverse employment action resulted; and (3) the protected activity and the adverse action are causally linked."[59] In the body of the Complaint, however, Plaintiff alleges only that "[Defendant] committed retaliation in violation of 42 U.S.C. § 12203 by further delaying return to work and continuing to withhold pay and benefits despite receiving requested documentation declaring [Plaintiff] fit for duty…"[60] Section 12203 is the ADA's anti-retaliation provision, not Title VII's. Moreover, Title VII prohibits discrimination and retaliation based on race, color, and national origin.[61] The Complaint contains no allegations that Plaintiff engaged in activity protected by Title VII or that Defendant retaliated against him

---

[56] *Frame v. City of Arlington*, 657 F.3d 215, 220–21 (5th Cir. 2011) (citing 42 U.S.C. § 12132).

[57] *Taylor v. City of Shreveport*, 798 F.3d 276, 282 (5th Cir. 2015).

[58] *See* Rec. Doc. 1.

[59] *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 754 (5th Cir. 2005) (citations omitted).

[60] Rec. Doc. 1 at 21.

[61] *See* 42 U.S.C. § 2000e-2(a)(1).

because he reported discrimination prohibited by Title VII. Instead, Plaintiff's allegations concern his disability and Defendant's response to his request to return to work. Accordingly, the Complaint fails to state a plausible discrimination or retaliation claim under Title VII.

Short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[62] "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."[63] Because Plaintiff filed this Complaint *pro se* and has not previously been granted leave to amend the Complaint, the Court will afford Plaintiff an opportunity to amend his Complaint to clarify the statutory basis of his claims and the relief he seeks.

## V. Conclusion

For the reasons discussed herein, this Court lacks subject matter jurisdiction over Plaintiff's claims under Title I of the ADA, Title V of the ADA, GINA, and Louisiana state law as they are barred by soverign immunity. Additionally, Plaintiff has failed to allege sufficient facts to state a claim under Title II of the ADA or Title VII of the Civil Rights Act of 1964. Nevertheless, given Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his Complaint to clarify the statutory basis of his claims and the relief he seeks.

Accordingly,

---

[62] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("This standard 'evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment.'") (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

[63] *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. The claims brought under Title I of the ADA, Title V of the ADA, GINA, and Louisiana state law are **DISMISSED WITHOUT PREJUDICE** based on sovereign immunity.

**IT IS FURTHER ORDERED** that to the extent Plaintiff's remaining claims fail to state a claim upon which relief can be granted, Plaintiff is granted leave of Court to amend the Complaint to cure the deficiencies identified herein within 30 days of this Order. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**NEW ORLEANS, LOUISIANA,** this 31st day of August, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**