**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEFFREY J. BELMONT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1176** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE** | **SECTION: "G"** |

# ORDER AND REASONS

Before the Court is Defendant the Board of Supervisor's of Louisiana State University and Agricultural and Mechanical College's ("Defendant") Motion to Dismiss for Lack of Prosecution.[1] On January 10, 2025, *pro se* Plaintiff Jeffrey J. Belmont filed a Complaint against Defendant asserting claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act ("GINA"), and Louisiana state law.[2]

On January 15, 2026, Defendant filed a Motion to Dismiss.[3] Plaintiff did not file a response to the motion. On August 31, 2026, the Court granted the motion in part and denied the motion in part.[4] Specifically, the Court dismissed Plaintiff's claims brought under Title I of the ADA, Title V of the ADA, GINA, and Louisiana state law.[5] As to Plaintiff's remaining claims, the Court granted Plaintiff leave to amend the Complaint to cure the deficiencies identified in the Court's

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 1.

[3] Rec. Doc. 12.

[4] Rec. Doc. 23.

[5] Rec. Doc. 23.

Order within thirty days.[6] The Court expressly advised that the failure to comply with the Order would result in dismissal of Plaintiff's remaining claims.[7]

Plaintiff did not file an amended complaint within the time prescribed by the Court. Defendant now seeks dismissal of Plaintiff's remaining claims based on his failure to prosecute this action.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action or claim upon the motion of a defendant or its own motion if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."[8] *Pro se* litigants are not exempt from complying with same.[9] Dismissal only appropriate where, considering the history of the case,[10] there is "(1) a clear a record of delay or contumacious conduct by the plaintiff, and (2) when lesser sanctions would not serve the best interests of justice."[11]

Although Plaintiff is proceeding *pro se,* his status does not exclude his obligation to comply with procedural rules and orders of the Court.[12] Plaintiff has failed to comply with the Court's August 31, 2026 Order directing him to amend the Complaint within thirty days. Moreover, Plaintiff last participated in this litigation on October 14, 2025, and has not filed anything in the record since that date. Thus, more than one year has elapsed without any effort by Plaintiff to

---

[6] *Id.*

[7] *Id.*

[8] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190-91 (5th Cir. 1992) (citing *Morris v. Ocean Sys.*, 730 F.2d 248, 251 (5th Cir. 1984); *Rogers v. Kroger Co.,* 669 F.2d 317, 319-20 (5th Cir. 1982)).

[9] *See Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))).

[10] *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

[11] *Boudy v. McComb Sch. Dist.*, 168 F.4th 257, 263 (5th Cir. 2026) (citation modified) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008)

[12] *Birl*, 660 F.2d at 593.

advance the prosecution of his claims. Considering Plaintiff's prolonged inactivity, his failure to comply with the Court's August 31, 2026 Order, and the express warning that dismissal would result from noncompliance, the Court finds that dismissal pursuant to Rule 41(b) is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Prosecution[13] is **GRANTED.** The above-captioned matter is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

New Orleans, Louisiana this 13th day of November, 2026.

Nannette Jolivette Brown

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

[13] Rec. Doc. 25.